IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN NGUYEN and CHIEU ANH NU TRAN, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 1:06-CV-0883-JOF : |
| ALLSTATE INSURANCE COMPANY, a company doing business in Georgia. | : : : : |
| Defendant. | : |

**ORDER**

    This matter is before the court on Defendant's motion for summary judgment [11-1].

    Plaintiffs, Kevin Nguyen and Chieu Anh Nu Tran, filed suit against Defendant, Allstate Insurance Company, on March 8, 2006, in the Superior Court of Fulton County. Defendant removed the suit to this court on April 13, 2006. Plaintiffs contend that Defendant breached its contract of insurance with them by failing to pay under the policy for damage their home sustained in a fire on February 4, 2005. After a period of discovery, Defendant filed the instant motion for summary judgment. Plaintiffs have filed no response to the motion indicating there is no opposition. *See* Local Rule 7.1B.

Plaintiffs purchased a homeowners insurance policy from Allstate to cover their residence located at 6120 Blackwood Circle, Norcross, Georgia 30093. Plaintiffs' policy expressly states that all suits against Allstate must be brought within one year of the date of loss. *See* Allstate Policy, ¶ 12 Suits Against Us, at 25.

During the period of policy coverage, a fire occurred at the home causing damage to the residence and its contents. Plaintiffs reported the fire to Allstate. After an investigation, Allstate denied coverage due to misrepresentations and concealment of facts by Plaintiffs in their loss claim. Plaintiffs did not file suit against Allstate until March 8, 2006, more than one year after the fire occurred.

An insurance provision which lessens the otherwise applicable statute of limitations for bringing suit is enforceable. *See*, *e.g.*, *Suntrust Mortgage, Inc. v. Georgia Farm Bureau Mut. Ins. Co.*, 203 Ga. App. 40, 41 (1992). There is no allegation here that Allstate took any actions which would indicate it was waiving the one-year limitation period. In fact, in response to Allstate's First Requests for Admission, Plaintiffs admitted that Allstate had not waived the limitation period. The insurance policy required that any claims against Allstate be brought within one year of the date of loss. It is not disputed that Plaintiffs filed their complaint against Allstate more than a year after the date of loss. Thus, the court concludes that Plaintiffs filed their breach of contract action out of time, and the court GRANTS Defendant's motion for summary judgment [11-1].

The court GRANTS Defendant's motion for summary judgment [11-1]. The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiffs' complaint.

**IT IS SO ORDERED** this 16th day of January 2007.

                                             s/ J. Owen Forrester
                                             J. OWEN FORRESTER
                               SENIOR UNITED STATES DISTRICT JUDGE